UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**Christopher Nesbit,**

    Plaintiff;

v.

**Midland Funding, L.L.C.**
    Defendants

Case No.

**Complaint**

## JURISDICTION AND VENUE

1.

Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

2.

Declaratory relief is available pursuant to 28 U.SC. § 2201 and 2202.

3.

Venue in this District is proper in that defendants transact business here and the conduct complained of occurred within the Eastern District of Louisiana.

## PARTIES

4.

Plaintiff Christopher Nesbit is a natural person of the full age of majority residing in St. Charles Parish, State of Louisiana and is a consumer as defined by 15 U.S.C. § 1692(a)(3).

5.

. Defendant Midland Funding, L.L.C. is a limited liability company established under the laws of the State of Delaware and purports to be authorized to and doing business in the State of Louisiana.

**FACTUAL ALLEGATIONS**

6.

Defendant Midland Funding, L.L.C. is a debt collector as defined by 15 U.S.C. § 1692(a)(6) as its principal business is collecting debts and regularly collects debts owed to another.

7.

At all times pertinent, defendant Midland Funding, L.L.C. purported to be collecting a debt allegedly purchased from Citibank USA, N.A., after default, with the last four digits of the account number being 7168.

8.

The alleged indebtedness described in Paragraph 7 is a consumer debt as defined by 15 U.S.C. § 1692(a)(5) as it is for money, goods, insurance, or services primarily for personal, family, or household purposes.

9.

On December 6, 2012, defendant Midland Funding, L.L.C. filed suit against plaintiff Christopher Nesbit in the 40th Judicial District Court in and for the Parish of St. John seeking "$2,629.57 plus attorney's fees interest, and the costs of these proceedings."

10.

The suit referenced above was assigned Docket Number 64,189 of the 40th Judicial District Court in and for the Parish of St. John the Baptist, State of Louisiana.

11.

On or about February 5, 2013, defendant Midland Funding, L.L.C., through it attorneys, requested that service of the above-referenced lawsuit be issued to defendant to his address located in St. Charles Parish.

12.

Plaintiff excepted to the lawsuit referenced in Paragraphs 9 through 11 above on the basis that it was filed in an improper venue as he lived in St. Charles Parish and on the grounds that the consumer debt at issue was prescribed.

13.

Despite being informed that plaintiff lives in St. Charles Parish, the lawsuit referenced in Paragraphs 9 through 11 is still pending in St. John the Baptist Parish as of the date of this filing.

14.

Upon information and belief, the last payment, charge or cash advance made on the indebtedness referenced in Paragraph 7 was more than three years prior to the date the lawsuit referenced above was filed.

## CLAIM FOR RELIEF

Fair Debt Collection Practices Act ("FDCPA")

15.

Plaintiff repeats, realleges, and incorporates by reference the allegations contained in Paragraphs 1 through 14, as copied here *in extenso*.

16.

Plaintiff avers that, in the course and scope of their communications defendants Midland Funding, L.L.C. violated the FDCPA.  Defendants' violations include, but are not limited to the following:

- a) Defendants violated 15 U.S.C. § 1692i(a)(2) in that they filed suit in a venue not authorized in that section;

- b) Defendants violated 15 U.S.C. § 1692e in that it filed suit to collect a debt that was prescribed (time-barred);

- c) All other facts proven at the trial of this matter.

17.

The actions of defendants were intentional with the purpose of coercing plaintiff to pay on the consumer debt described in Paragraph 7.

18.

As a result of the above violation of the FDCPA, plaintiff suffered actual damages, such as stress, anxiety, embarrassment, and emotional distress, from which he should be compensated in an amount proven at trial.

19.

In addition to the actual damages listed in Paragraph 18, plaintiff incurred attorney's fees and related expenses in defending the lawsuit referenced in Paragraphs 9 through 11 above in the amount of [Atty_$] to date.   Plaintiff reserves his right to amend and supplement this Paragraph in the event additional attorney's fees and related expenses are incurred in that matter.

20.

As a result of the above violations of the FDCPA, the defendants are liable unto plaintiff for actual damages, statutory damages, attorney's fees and costs.

**WHEREFORE,** plaintiff Christopher Nesbit prays that judgment be entered against the defendants Midland Funding, L.L.C., as follows:

a) Declaratory judgment that defendants' conduct violated the FDCPA;

b) Actual damages;

c) Attorney's fees and related expenses incurred in defending the lawsuit referenced in Paragraphs 9 through 11 above.

d) Statutory damages pursuant to 15 U.S.C. § 1692k;

e) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

f) All other legal and equitable relief the court deems necessary and proper.

Respectfully submitted:

**THE LOUQUE LAW FIRM, L.L.C.**

/s/ Robert M. Louque, Jr.
Robert M. Louque, Jr. (#28662)
700 Camp Street
Suite 212
New Orleans, Louisiana 70130
Telephone:  (504) 324-2807
Facsimile:  (504) 324-2111
Email:   robert@louquelaw.com
Attorney for Plaintiff Christopher Nesbit